Wachtler, J.
(dissenting). The trial court and the Appellate Division correctly concluded that our decision in People v Tyler (46 NY2d 251) requires dismissal of the indictment. Indeed this case presents an even clearer example of a perjury trap.
The defendant was summoned to appear before a Grand Jury investigating a claim that he had accepted a bribe to expose a police agent working undercover at a night club on December 2, 1972.
Several days after the incident the defendant’s superiors had questioned him about it. The defendant readily admitted to the Grand Jury that he lied to his superiors on that occasion by telling them that he never got out of his car. When asked “what occurred at that meeting?” the defendant provided a narrative in which he volunteered the statement that his superiors had informed him that someone fitting his description had allegedly assaulted someone near the club on December 2. After asking the defendant to confirm that statement the prosecutor abruptly changed the topic and never again returned to that subject in questioning the defendant.
Although the People now offer elaborate arguments to show that this apparently collateral matter was material, if not crucial, to the Grand Jury investigation of the alleged bribery, the arguments are belied by the prosecutor’s casual acceptance of the defendant’s answer when he appeared before the Grand Jury. There the prosecutor’s only concern seemed to be to get the defendant to repeat the statement in answer to a question so that it could later serve as a basis for a perjury indictment, as it did.
*176 Although the majority sees little significance in the prosecutor’s apparent acceptance of the defendant’s answer until after he had left the stand never to be recalled, this type of prosecutorial ambush was the key factor in People v Tyler (46 NY2d 251, supra) as well as the companion decisions, People v Schenkman (46 NY2d 232) and People v Pomerantz (46 NY2d 240).
In Schenkman, where the indictment was upheld, we emphasized (at p 234) that “the questioner provided more than enough cues, through restatement and repetition to stimulate her recollection”. Similarly, in Pomerantz, where the indictment was also upheld, we again emphasized (at p 249) that “the key questions were repeated, restated, and elaborated upon until it was apparent that further effort was fruitless”. In Tyler, on the other hand, we dismissed the indictment because the interrogator “evinced no interest in having defendant give a convincing narrative of the meeting” (People v Pomerantz, supra, at p 249). He did not pursue the matter and was “[s]eemingly content with the defendant’s description” (People v Tyler, supra, at p 260). That also describes the prosecutor’s conduct in the case now before us.
In fact what occurred here is less tolerable because in Tyler the defendant was extensively questioned about the details of the meeting (see People v Tyler, supra, at pp 256, 257) and during his testimony disclosed several inconsistencies with the known facts. Here, however, the defendant answered all questions with candor, no matter how damaging, and yet a single answer to a stray question has been used as a basis for a perjury indictment.
The essence of the perjury trap concept is that a Grand Jury investigation should be used tó get at the truth and should not be employed as a means for getting a perjury indictment in the event the primary investigation is unproductive. The question in each case must be whether the record shows that the prosecutor was concerned with getting at the truth, or was he merely concerned with getting a lie on the record for further use as a basis for a perjury prosecution. Here the prosecution’s complete failure to develop the point or attempt, by further questioning of the *177 defendant, to reconcile the conflict between his testimony and that of his superiors when they appeared before the Grand Jury shows either that the point was not as material as he now suggests, or that he was more concerned with preserving the lie than with flushing out the truth. That is precisely what we condemned in People v Tyler where we held, as did both the courts below in the present case, that there was a perjury trap.
Judges Jasen, Gabrielli and Meyer concur with Chief Judge Cooke; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judges Jones and Fuchsberg concur.
Order reversed, indictment reinstated and case remitted to Supreme Court, New York County, for further proceedings on the indictment.